# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DR. ROBERT C. BLACKMON, IV,
　　　　　　Appellant,

v.

DEPARTMENT OF VETERANS
　　AFFAIRS,
　　　　　　Agency.

DOCKET NUMBER
PH-1221-19-0380-W-2

DATE: February 4, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Danielle B. Obiorah, Esquire, Jonesboro, Georgia, for the appellant.

Marcus S. Graham, Esquire, Pittsburgh, Pennsylvania, for the agency.

## BEFORE

Cathy A. Harris, Chairman*
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member**

*The Board members voted on this decision before January 20, 2025.
**Member Kerner recused himself and
did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied corrective action in his individual right of action (IRA) appeal. On

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

petition for review, the appellant challenges the administrative judge's conclusion that the agency proved by clear and convincing evidence that it would have placed him on a 60-day performance monitoring program in the absence of his protected disclosure/activity. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the legal standard applicable to the appellant's claims that the agency altered his job duties, verbally reprimanded him, and subjected him to increased scrutiny and a hostile work environment, we AFFIRM the initial decision.

Under the Whistleblower Protection Enhancement Act of 2012 (WPEA), an appellant may establish a prima facie case of retaliation for whistleblowing disclosures and/or protected activity by proving by preponderant evidence[2] that (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the whistleblowing disclosure or protected activity was a contributing factor in the agency's decision to take a personnel action against him. 5 U.S.C.

---

[2] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

§ 1221(e)(1); *Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 6 (2015). If the appellant makes a prima facie case, the agency is given an opportunity to prove, by clear and convincing evidence,[3] that it would have taken the same personnel action in the absence of the protected disclosure or activity. 5 U.S.C. § 1221(e)(1)-(2); *Webb*, 122 M.S.P.R. 248, ¶ 6. In determining whether an agency has met this burden, the Board will consider the following factors: (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999). The Board does not view these factors as discrete elements, each of which the agency must prove by clear and convincing evidence, but rather, the Board will weigh the factors together to determine whether the evidence is clear and convincing as a whole. *Phillips v. Department of Transportation*, 113 M.S.P.R. 73, ¶ 11 (2010).

Here, the administrative judge concluded that, although the appellant made a prima facie case of whistleblower retaliation, he was not entitled to any corrective action. *Blackmon v. Department of Veterans Affairs*, MSPB Docket No. PH-1221-19-0380-W-2, Appeal File (W-2 AF), Tab 16, Initial Decision (ID) at 16-19. In so concluding, he found that the appellant, a Physician/Hospitalist, had engaged in protected activity under 5 U.S.C. § 2302(b)(9) insofar as he had filed a complaint with the agency's Office of the Inspector General. ID at 15. He also concluded that the appellant had made a protected disclosure under 5 U.S.C. § 2302(b)(8) by disclosing in the death summary of a veteran patient his belief that opiates prescribed by another agency physician had contributed to the

---

[3] Clear and convincing evidence is that measure or degree of proof that produces in the mind of the trier of fact a firm belief as to the allegations sought to be established. It is a higher standard than preponderant evidence. 5 C.F.R. § 1209.4(e).

patient's death. ID at 5-6, 15-16. He thereafter concluded that the appellant had shown via the knowledge/timing test[4] that his protected disclosure/activity had contributed to a threatened personnel action, i.e., the agency placing him on a 60-day performance monitoring program. ID at 16-17. The administrative judge found, however, that the agency had shown by clear and convincing evidence that it would have placed the appellant on the 60-day program even if he had not made a protected disclosure or engaged in any protected activity. ID at 17-19. The administrative judge thereafter concluded that the appellant was not entitled to any corrective action for his claims regarding the agency altering his job duties, verbally reprimanding him, and subjecting him to increased scrutiny and a hostile work environment. ID at 19-21.

<u>We modify the initial decision to clarify the legal standard applicable to the appellant's claims that the agency altered his job duties, verbally reprimanded him, and subjected him to increased scrutiny and a hostile work environment.</u>

Although not raised by either party, in analyzing whether the appellant was entitled to any corrective action for his claims regarding the agency allegedly altering his job duties, reprimanding him, and subjecting him to increased scrutiny and a hostile work environment, the administrative judge seemingly categorized all of the appellant's allegations as "harassment." ID at 19. He then applied "the analysis used for defining harassment" in Title VII cases to the allegations. ID at 19-21. We disagree with this approach, and, accordingly, we modify the initial decision to clarify the proper legal standard for such claims.

Here, the appellant's IRA appeal was brought pursuant to the WPEA, which provides its own statutory definition of an actionable personnel action,

---

[4] The knowledge/timing test allows an employee to demonstrate that a protected disclosure/activity was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure, and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Carey v. Department of Veterans Affairs*, 93 M.S.P.R. 676, ¶ 11 (2003).

codified at 5 U.S.C. § 2302(a)(2)(A). Section 2302(a)(2)(A) defines a "personnel action" as 11 specific enumerated actions and "any other significant change in duties, responsibilities, or working conditions[.]" The Board has found that, although "significant change" should be interpreted broadly to include harassment and discrimination that could have a chilling effect on whistleblowing or otherwise undermine the merit system, only agency actions that, individually or collectively, have practical consequence for an appellant constitute a personnel action covered by section 2302(a)(2)(A)(xii). *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶¶ 15-16. To this end, the agency actions must have significant effects on the overall nature and quality of the appellant's working conditions, duties, or responsibilities. *Id.*

The record is fully developed on the issue, and, applying the above standard, we find that the appellant failed to show that the agency engaged in behavior that, individually or collectively, amounted to a significant change in his working conditions. *See* 5 U.S.C. § 2302(a)(2)(A)(xii); *Skarada*, 2022 MSPB 17, ¶¶ 15-16. Indeed, as set forth in the initial decision, although the appellant averred that he had been yelled at and treated poorly, he was only able to identify two discrete incidents involving such behavior that, while perhaps upsetting, were nonetheless "isolated and random." ID at 20. Moreover, the appellant failed support his allegation that agency management had reduced or changed his job duties; indeed, he acknowledged at the hearing that no restrictions were ever placed on his ability to practice medicine at the agency facility to which he was assigned. *Id.* Thus, the appellant failed to show how any agency action(s), individually or collectively, generated a significant change resulting in practical consequence. *See Skarada*, 2022 MSPB 17, ¶¶ 15-16; *see also Shivaee v. Department of the Navy*, 74 M.S.P.R. 383, 389 (1997) (finding that emotional stress is not, in and of itself, a covered personnel action). Accordingly, we find that the appellant failed to show that the agency's alleged actions constituted a personnel action under the WPEA. *See* 5 U.S.C. § 2302(a)(2)(A)(xii). We

therefore agree with the administrative judge's conclusion that the appellant is not entitled to any corrective action for such claims. *See* 5 U.S.C. § 1221(e)(1).

The appellant's assertions on review do not warrant a different outcome.

The appellant contends that the agency failed to prove by clear and convincing evidence that it would have placed him on the 60-day performance monitoring program in the absence of his protected disclosure/activity. Petition for Review (PFR) File, Tab 1 at 4-11. To this end, he avers that (1) the agency's "only motivation" for placing him on the monitoring program was retaliation,[5] and (2) the agency failed to produce any evidence of "similar actions against non-whistleblowing employees." *Id.* at 9-11.

We find unavailing the appellant's assertion that the agency's "only motivation" for placing him on a monitoring program was retaliation. To this end, as set forth in the initial decision, the agency here provided both testimonial and documentary evidence showing that agency management had received a series of complaints from both patients and agency medical personnel regarding the appellant's approach to hospice care. ID at 11-14, 17-19; *Blackmon v. Department of Veterans Affairs*, MSPB Docket No. PH-1221-19-0380-W-1, Initial Appeal File (IAF), Tab 5 at 47, 50-51; W-2 AF, Tab 5 at 15-16, 18. In response to these concerns, the appellant's supervisor reviewed hospital data, which corroborated many of these complaints. ID at 18; IAF, Tab 5 at 46. Indeed, the data evinced that the appellant had been prescribing antibiotics to hospice patients at a rate that was two to three times higher than other agency physicians. ID at 12, 18; IAF, Tab 5 at 49; W-2 AF, Tab 5 at 8. The record

---

[5] In so arguing, the appellant asserts that the administrative judge "did not mention" certain evidence in the record, to include a July 12, 2018 memorandum regarding complaints levied against him. PFR File, Tab 1 at 9-10; W-2 AF, Tab 6 at 60-61. However, the administrative judge's failure to discuss all of the evidence of record does not mean that he did not consider it in reaching his decision. *See Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). Moreover, we have reviewed the evidence to which the appellant refers, and we find that it does not warrant a different outcome.

therefore supports the administrative judge's conclusion that it was concerns associated with the appellant's treatment methods, and not retaliation, that precipitated his placement on a 60-day performance monitoring program.[6]  ID at 17-19; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

The appellant's assertion that the agency failed to produce any evidence of similar actions being taken against similarly situated non-whistleblowers, i.e., the third *Carr* factor, is also unavailing.  PFR File, Tab 1 at 11; *see Carr*, 185 F.3d at 1323.  Although there is no affirmative burden on the agency to produce evidence with respect to each *Carr* factor, to the extent comparator evidence exists, the agency is required to come forward with all reasonably pertinent evidence relating to the third factor.  *Whitmore v. Department of Labor*, 680 F.3d 1353, 1374 (Fed. Cir. 2012).  An agency's failure to do so may be at its own peril.  *Id.*  Here, although the agency failed to produce any comparator evidence,[7] we find that the first two *Carr* factors weigh heavily in the agency's favor, and, therefore, we discern no basis to disturb the administrative judge's conclusion that the agency showed by clear and convincing evidence that it would have placed the appellant on the 60-day program absent his protected disclosure and activity.  ID at 17-19; *see Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 31 (2016) (concluding that the agency met its clear and convincing burden for certain personnel actions when there was no evidence of similarly situated

---

[6] Indeed, the appellant acknowledges in his petition for review that he disagreed with agency medical professionals regarding the scope of the medical care that should be provided to hospice patients.  PFR File, Tab 1 at 9.

[7] The agency, however, provided documentary and testimonial evidence indicating that the appellant was an outlier in terms of his treatment of hospice patients.  *See, e.g.*, IAF, Tab 5 at 49, 51.

non-whistleblowers and the evidence supporting the agency's actions outweighed any potential retaliatory motive). Thus, the appellant's assertion regarding the third *Carr* factor does not provide a basis to disturb the initial decision.

Accordingly, we affirm the initial decision as modified.

## NOTICE OF APPEAL RIGHTS[8]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[9]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.